IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-00111-01/04-CR-W-BP |
| ANTONIO MANNING, (01), | |
| DEJOHUAN MIETZ HUNTLEY, (02), | |
| SHERON LAMONT MANNING, (03), | |
| and | |
| MICHAEL DEWAYNE HARDY, (04), | |
| Defendants. | |

**MOTION FOR DETENTION**

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendants Antonio Manning, Dejohuan Mietz Huntley, Sheron Lamont Manning, and Michael Dewayne Hardy ("the defendants"), and states the following in support of the motion:

1. This motion is being made at Defendant Michael D. Hardy's first appearance before a judicial officer. This motion for detention is filed by the United States against each of the defendants in this case. A federal grand jury has issued a twenty-three-count indictment against the defendants. The indictment contains the following charges: conspiracy to traffic firearms; engaging in firearms sales without a license; trafficking firearms; possession of unregistered machineguns; felon in possession of a firearm; and a forfeiture allegation.

2. Defendant Dejohuan Huntley is charged in Counts Twenty and Twenty-Three with being a felon in possession of a firearm, which is a crime of violence under the Bail Reform Act. *See* 18 U.S.C. § 3142(f)(1)(A); *United States v. Shirley*, 189 F. Supp. 2d 966 (W.D. Mo. 2002) (adopting *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000)); *United States v. Strickland*, No. 12-00048-01-CR-W-HFS, 2012 WL 1980820, at *1 (W.D. Mo. May 7, 2012).

3. This case involves the possession or use of firearms as that term is defined in 18 U.S.C. § 921. *See* 18 U.S.C. § 3142(f)(1)(E).

4. Based on this charge and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

5. Under the Bail Reform Act, a defendant can be detained before if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

6. In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

7. Below is a summary of allegations contained in the indictment and evidence that the Government intends to present at each defendant's detention hearing that relates to each

defendant's role in the alleged offenses in this case as well as evidence that tends to show each defendant poses a danger to the community.

    a. Count One of the indictment alleges that the alleged conspiracy was responsible for transferring twenty-two firearms, many of which are allegedly unregistered machineguns. Further, according to the allegations of Count Two, each of these defendants were engaged in firearms sales without a Federal Firearms License as required by law. The alleged high volume of firearms sales by the members of this conspiracy, to include the sales of machineguns, demonstrates how each of these defendants poses a substantial danger to the community.

    b. According to the indictment, the defendants have allegedly sold nine unregistered machineguns. Specifically, Defendant Antonio Manning allegedly sold one unregistered machinegun; Defendant Dejohuan Mietz Huntley allegedly sold thee unregistered machineguns; Defendant Sheron Lamont Manning allegedly sold four unregistered machineguns; and Defendant Michael Dewayne Hardy allegedly sold one unregistered machinegun.

    c. The firearms that were allegedly transferred from the defendants to another person in this case were all sold by the defendants to a Confidential Informant ("CI"). The Drug Enforcement Administration ("DEA") monitored numerous controlled buys conducted by the CI and all of the transactions were recorded with a clandestine recording device.

3

d. Prior to two of the controlled purchases of firearms, Defendant Antonio Manning sent videos to the CI that demonstrated how two firearms were machineguns. In each video, there is an unknown African American male who fired a firearm. In one of the videos, the male appears to be firing a pistol machinegun while standing in close vicinity to a bridge that he is standing under the overpass (video texted to CI on July 18, 2022). In the other video, the male fires an AR-15 style pistol on the side of a road after the male appears to exit a vehicle prior to firing the firearm (video texted to CI on July 25, 2022). Firing weapons near streets demonstrates the inherent danger associated with these defendants trafficking a machinegun.

e. Law enforcement officials have test fired the firearms identified in Count One as part of its investigation. By taking the discharged shell casings from those test fires, law enforcement officials have linked several firearms identified in Count One to other crimes of violence. This has been done by utilizing the National Integrate Ballistic Information Network ("NIBIN").

f. The Glock, Model 41, .45 caliber, pistol, bearing Serial Number YWE140 that Defendant Sheron Manning transferred to the CI on or about November 18, 2022 (Count Nine) was linked to previous shootings. According to the NIBIN database, this firearm was linked to a shooting incident that occurred on November 13, 2022, at the Winnwood Skate Center, 4426 NE Winn Road. Law enforcement officials found shell casings that were fired by the same firearm identified in this paragraph. This incident involved

numerous fired rounds and one victim was shot in the buttocks. The CI has reported that both Defendants Sheron and Antonio Manning were at the Skate Center at the time of this shooting, but the CI did not observe who was shooting because the CI was seeking cover when he/she heard the shots fired.

g. The Glock, Model 23, .40 caliber pistol, bearing Serial Number ZLZ965, that Defendant Sheron Manning transferred to the CI on or about April 17, 2023 (Count Sixteen) was linked to a previous shooting. Specifically, shell casings fired from this firearm were found outside an occupied residence that had just been struck with gunfire on February 5, 2022.

h. The Glock, Model 22, .40 caliber pistol, bearing Serial Number BWTM124 that Defendant Sheron Manning transferred to the CI on or about April 10, 2023 (Count Fourteen) was linked to a previous shooting. Specifically, on January 20, 2023, law enforcement officials recovered approximately eight shell casings of rounds that were fired by this firearm. The firearm was shot at North 59th and Cemech Road in Kansas City, Kansas.

i. The Glock, Model 19, 9mm caliber pistol, bearing Serial Number BKPX144 that Defendant Dejohuan Huntley transferred to the CI on or about April 17, 2023 (Count Eighteen) was linked to previous shootings and crimes of violence. On April 9, 2019, Kansas City, Missouri Police Department investigated a homicide that occurred at 5339 Michigan Avenue, Kansas City, Missouri. Witnesses reported that two or three young black males armed with handguns and an AK-47 type rifle began

shooting at the residence while individuals were sitting on the front steps of the house. One male-victim was shot and died at the hospital as a result of the gunshot wound. Shell casings from the scene demonstrate that the firearm Defendant Huntley sold was involved in this shooting incident. This same firearm was also involved in shooting the rear passenger window of a vehicle on or about October 16, 2019.

8. Upon review of records, Defendant Huntley has the following convictions:

   a. Aggravated Assault (KSA 21-5412B); Johnson County, Kansas; Case No. 17CR01819; Guilty; 04/18/2018; sentenced to 27 months' imprisonment; confined 24 months.

   b. Possession of marijuana (KSA 21-5706b3); Kansas (misdemeanor); Johnson County, Kansas; Case No. 17CR01819; Guilty; 04/18/2018; concurrent sentence with aggravated assault conviction.

9. These firearms were transferred to a CI while being monitored by DEA Special Agents and the controlled purchases were recorded. In other words, the weight of the evidence against the defendants is strong.

10. During a controlled purchase on April 20, 2023, Defendant Huntley stated that he was selling marijuana and could get his hands on anything. Specifically, he told the CI that he could get his hands on fentanyl pills. Defendant Huntley reported that he could sell thousands of fentanyl pills for $3-$4 per pill.

11. The United States submits that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By /s/William A. Alford III

William A. Alford III
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 22, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

/s/William A. Alford III
William A. Alford III
Assistant United States Attorney